IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01824-BNB

DANA COOPER,

    Plaintiff,

v.

SGT. C. POOL, and
C/O R. COOPER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Dana Cooper, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. On July 26, 2010, Mr. Cooper initiated this action by filing a Prisoner Complaint. On August 2, 2010, Magistrate Judge Boyd N. Boland granted Mr. Cooper leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe Mr. Cooper's Complaint liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

The Court has reviewed the Complaint Mr. Cooper submitted on July 26, 2010. In Case Nos. 10-cv-01610-ZLW and 10-cv-00978-ZLW, the Court instructed Mr. Cooper that Fed. R. Civ. P. Rule 15(d) "provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented. Motions to

supplement are addressed to the sound discretion of the court." *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp.2d 1253, 1256 (D. Colo. 2003). Although Fed. R. Civ. P. 15(a) requires that leave to amend be freely given, that requirement does not apply where an amendment obviously would be futile." *TC Communications Network, Inc. v. Turner Network Television*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rather than complying with the Court's instruction in the above-referenced cases, regarding supplemental pleadings, Mr. Cooper again seeks to initiate a new action. Mr. Cooper also submitted in *Cooper v. Belcher, et al.*, No. 08-cv-01599-CMA-KMT (Filed July 29, 2008) (consolidated cases 09-cv-00961-CMA, 09-cv-00754-CMA, 09-cv-00667-CMA-KMT, 09-cv-00662-CMA-KMT, and 08-cv-02536-CMA-KMT), a pleading titled "Motion to Proceed in Dana Cooper v. Sgt. C. Pool and C/O R. Cooper," in which he requests permission to file a new action. Case No. 08-cv-01599-CMA-KMT at Doc. Nos. 194. The Court has instructed Mr. Cooper in Case No. 08-cv-01599-CMA-KMT that he is not restricted from filing additional lawsuits. *Id.* at Doc. No. 146. Therefore, filing a motion in Case No. 08-cv-01599 to proceed with a new action is not necessary. Nonetheless, Mr. Cooper continues to file motions to proceed in Case No. 08-cv-01599 seeking permission to file new actions, which is not only unnecessary but an abuse of the Court's limited resources. Furthermore, pursuant to Fed. R. Civ. P. 41(b) this Court is permitted to dismiss this action *sua sponte* with prejudice because Mr. Cooper has failed to comply with a court order. *See Olsen v. Mapes*, 333 F.3d

1199, n.3 (10th Cir. 2003).

In addition, "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati*, 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." *In re Winslow*, 17 F.3d at 315.

Although the Court finds that there may be basis for dismissing the instant action with prejudice under Rule 41(b), the Court will refrain from doing so and will dismiss this action without prejudice. However, the Court finds that Mr. Cooper's litigation tactics are malicious and will dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __18th__ day of __August__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01824-BNB

Dana Cooper
Prisoner No. 135056
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/18/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk